IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | ) |
|     Plaintiff, | ) <br> ) <br> )   Civil Action No. |
|        vs. | ) <br> ) |
| UNUM GROUP, | ) <br> ) |
|     Defendant. | ) <br> ) |

## COMPLAINT

Now comes the Plaintiff, John Doe, by his attorneys, Jennifer M. Danish[1] of Bryant Legal Group PC, and Tybe A. Brett of Feinstein, Doyle Payne & Kravec, LLC, and complaining against Defendant, Unum Group, states as follows:

**The Parties, Jurisdiction and Venue**

1.  Plaintiff, John Doe ("Plaintiff"), has at all times relevant resided in Allegheny County, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania. Plaintiff's identity and dispute with Unum Group to date has been kept confidential involving externally only the Pennsylvania Departments of Insurance. Plaintiff fears disclosure of his identity and seeks to avoid disclosure because he fears loss of opportunity to work and what earnings he has been able to receive based on a limited return to administrative work. The public interest in this case supports maintaining the confidentiality of Plaintiff's identity as he raises significant consumer protection issues and should not be deterred from pursuing his claim at the cost of likely loss of

---

[1] Application for admission to the Western District of Pennsylvania has been accepted and administration of oath to Jennifer M. Danish is scheduled for June 19, 2019.

part-time, administrative employment. Plaintiff has no illegitimate ulterior motives in filing suit under a pseudonym.

2.     Unum Group, formerly known as UnumProvident Corporation and Unum Life Insurance Company of America, is a publicly-traded Delaware corporation with its principal place of business in Chattanooga, Tennessee. Unum Group has at all times adjudicated disability claims under policies issued by Provident Life and Accident Insurance Company. Unum Group is, at all relevant times herein, a disability insurance carrier duly licensed as such in the Commonwealth of Pennsylvania; is regularly and repeatedly engaged in the business of issuing policies of disability insurance to the public throughout the Commonwealth including the County of Allegheny and the city of Pittsburgh; and, is therefore subject to the laws and regulations of the Commonwealth of Pennsylvania, especially those laws and regulations affecting the conduct of first party disability insurers and first party disability insurance claims and the regulations promulgated thereunder.  As such, Unum Group, its agents, servants and employees, its staff adjusters and those independent adjusters that it has retained, are charged with the knowledge of those laws and regulations as they relate to the adjustment of first party disability insurance claims.

3.     At all relevant times herein, Unum Group acted by and through its agents, servants, adjusters, counsel and/or employees, all of whom acted within the course and scope of their agency and/or employment.

4.     The Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1332(a) inasmuch as there exists complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district because Unum Group does business within this district, and the breach of contract and unfair practices alleged herein were committed within this district.

**Material Allegations of Fact**

6. Plaintiff submitted Application for Disability Insurance to Provident Life and Accident Insurance Company on or about June 7, 1994.

7. Provident Life and Accident Insurance Company issued Policy No. 06-338-6108109 for Total and Residual disability benefits to Plaintiff effective July 7, 1994. A redacted copy of the insurance contract is attached as Exhibit A.

8. The policy lists a monthly benefit of $3,000 for Total Disability with a 90-day Elimination Period.

9. Policy No. 06-338-6108109 also included a provision for automatic increases in the monthly benefit amount over the first 5-years of issuance with the first increase scheduled for July 17, 1995.

10. Policy No. 06-338-6108109 defines Total Disability or totally disabled: "…due to Injuries or Sickness you are not able to perform the substantial and material duties of Your Occupation." Your Occupation is defined as "…the occupation (or occupations, if more than one) in which you are regularly engaged at the time you become disabled."

11. Policy No. 06-338-6108109 also provides for waiver of premium benefits.

12. Additionally, Policy No. 06-338-6108109 includes a Residual Disability/Recovery Benefits Rider with Cost of Living Indexing of Prior Monthly Income.

13. Two of the Commonwealth of Pennsylvania's common law rules regulating insurance contracts have direct applicability on this issue of policy interpretation and construction: The Reasonable Expectations Doctrine; and the Rule of *Contra Proferentem*.

14. Pennsylvania's common law regulating insurance contracts has long recognized the primacy of enforcing the insured's reasonable expectations of insurance coverage. *See Tonkovic v. State Farm Mut. Ins. Co.*, 513 Pa. 445, 521 A.2d 920, 925-26 (1987).

15. Pennsylvania's common law regulating insurance contracts also recognizes the rule of contra preferentem: any ambiguities in insurance policy language will be construed against the drafter of the policy. *See, Bateman v. Motorist Mut. Ins. Co.*, 527 Pa. 241, 590 A.2d 281, 283 (1991).

16. On August 2, 2015, Plaintiff worked as an acute care physician.

17. Diagnosed with a life-threatening cancer, Plaintiff was admitted to an internationally renowned hospital and underwent surgery on August 4, 2015; he was discharged after 11 days.

18. Unable to return to work, Plaintiff submitted Unum Group's Individual Disability Claim Form on September 8, 2015. He described his current activities as rest and recuperation. He identified the duties of his occupation that he is unable to perform as "Clinical staff physician" and he confirmed additional disability insurance coverage through another carrier. He provided occupational and medical information.

19. Plaintiff's Elimination Period of 90 days was satisfied on November 1, 2015.

20. On December 2, 2015, Ms. Doud recommended, and Ms. LaRochelle agreed that initial benefits should be issued under reservation of rights while Unum Group acquired additional information.

21. On December 2, 2015, Unum Group paid benefits for the period of November 1, 2015 to December 1, 2015 in the amount of $2,580.00. On December 22, 2015, Unum Group paid benefits for the period of December 1, 2015 to January 1, 2016 also in the amount of $2,580.00. On January 25, 2016, Unum Group paid benefits for the period of January 1, 2016 to February 1, 2016 also in the amount of $2,580.00.

22. Plaintiff provided continued proof of loss based on the insurance policy to Unum Group.

23. Unum Group issued no additional Total or Residual Disability benefit payments.

24. Unum Group failed to consistently request medical records based on updates from Plaintiff.

25. At all relevant times herein, Unum Group knew and/or recklessly disregarded the fact that its medical review staff had not been provided all of the available and important medical evidence regarding Plaintiff.

26. At all relevant times herein, Unum Group knew and/or recklessly disregarded that its demands for corroboration of Plaintiff's occupation at the time of disability was not supported by any contemporaneous evidence that Plaintiff performed any work other than as an emergency department physician.

27. At all relevant times herein, Unum Group knew and/or recklessly disregarded its internal legal opinion characterizing Plaintiff's occupation as that of an emergency department physician based on the policy language and Plaintiff's insurance agent's representations regarding the policy terms to Plaintiff.

28. As a proximate result of the wrongful acts of Unum Group, Plaintiff has suffered:

a. Denial of disability insurance funds due to him under the terms of the insurance contract;

b. Exposure of private, protected health information;

c. Annoyance, inconvenience and disturbance; and

d. A disruption of his daily life, and a loss of his sense of well-being.

## COUNT I
## BREACH OF CONTRACT - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

29. Plaintiff incorporates by reference the foregoing paragraphs as if set forth at length herein.

30. Policy No. 06-338-6108109 constitutes a legal binding contract between Plaintiff and Unum Group.

31. By paying premiums for Policy No. 06-338-6108109, Plaintiff purchased coverage for Total Disability and Residual Disability, and reasonably expected that Unum Group would pay benefits if he was unable to perform the substantial and material duties of his Occupation as an Emergency Physician.

32. Despite submission of reasonable proof and demand for payment with respect to Plaintiff's claim for disability benefits under Policy No. 06-338-6108109, Unum Group has not paid all of the contractual benefits to which Plaintiff is entitled.

33. At all relevant times, Unum Group's denial of Plaintiff's disability benefits claim was contrary to the terms of the insurance policy, by demanding occupation information beyond what was required as Proof of Loss under the insurance contract, by relying upon the findings of an in-house medical reviewer who Unum Group had failed to provide many of Plaintiff's pertinent and material medical records, by failing to investigate Plaintiff's disability claim thoroughly and reasonably under all the circumstances, and by failing to pay a legitimate claim

that Unum Group knew is due and owing without reasonable basis was unreasonable and without adequate justification and therefore constituted a breach of the covenant of good faith and fair dealing in insurance contracts.

34. As a direct and proximate result of Unum Group's breach of contract and of the covenant of good faith and fair dealing, Plaintiff suffered a loss of coverage to which he was contractually entitled.

WHEREFORE, Plaintiff demands judgment in his favor and against Unum Group and requests the award of all contractual compensatory damages together with interest, as well as the award of extra-contractual compensatory and incidental and consequential damages together with interest, costs and fees as provided by law and such other and further relief as the Court deems to be just and proper.

## COUNT II
## STATUTORY BAD FAITH

35. Plaintiff incorporates by reference the foregoing paragraphs of the Complaint as if set forth at length herein.

36. By failing to provide Plaintiff with the coverage promised under Policy No. 06-338-6108109, Defendants violated the Unfair Insurance Practices Act ("UIPA"), 40 P.S. § 1171.5 in the following ways, among others:

   a) Misrepresented pertinent facts or policy or contract providions relating to benefits and/or coverage under Policy No. 06-338-6108109;

   b) Failed to acknowledge and act promptly upon written or oral communications with respect to claims arising under Policy No. 06-338-6108109;

   c) Failed to adopt and implement reasonable standards for the prompt investigation of claims arising under Policy No. 06-338-6108109; and

7

      d) Refusing to pay Plaintiff's claim for coverage without conducting a reasonable investigation based upon all available information.

37. Defendant further failed to communicate effectively with Plaintiff about the procedures regarding the processing of claims under Policy No. 06-338-6108109, failed to apply their written criteria for coverage under Policy No. 06-338-6108109, subjected Plaintiff to delays in coverage under Policy No. 06-338-6108109, and otherwise refused to provide the coverage promised under Policy No. 06-338-6108109.

38. Defendant forced Plaintiff to hire counsel and file suit against Defendant in order to obtain the coverage promised under Policy No. 06-338-6108109.

39. Defendant did not have a reasonable basis fro denying benefits under Policy No. 06-338-6108109, and Defendant knew or recklessly disregarded its lack of a reasonable basis in denying coverage under Policy No. 06-338-6108109, and Defendant's conduct constitutes bad faith in violation of Pennsylvania's insurance bad faith statute, 42 Pa. C.S.A. § 8371.

WHEREFORE, Plaintiff demands judgment in his favor and against Unum Group, requests an order declaring that Defendant violated 42 Pa. C.S.A. § 8371, and requests an award of damages against Defendant in an amount in excess of $75,000, and other redress permitted for his injuries suffered as a result of the bad faith conduct of Defendant, and award interest, punitive damages, cists and attorneys fees under 42 Pa. C.S.A. § 8371 for Defendants' bad faith, along with such other and further relief as the Court deems to be just and proper.

### COUNT III
### UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW PURSUANT TO 73 P. S. §§ 201-1 et seq.

40. Plaintiff incorporates by reference the foregoing paragraphs of the Complaint as if set forth at length herein.

41.     At all relevant times, Unum Group's denial of Plaintiff's disability benefits claim contrary to the terms of the insurance policy was perpetrated by Unum Group's engagement in fraudulent and deceptive conduct to create a likelihood of confusion and/or misunderstanding within the meaning of 73 P. S. §§ 201-2(4).

42.     At all relevant times, Unum Group's fraudulent or deceptive acts were intended to result in non-payment of an otherwise legitimate disability insurance claim and constituted an insurer's promise to pay benefits which it had no intention of paying.

WHEREFORE, Plaintiff demands judgment in his favor and against Unum Group, requests an order declaring that Defendant violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and requests an award of damages in excess of $75,000, treble damages, and other relief, including costs and reasonable attorney fees under 73 P. S. §§ 201-9.1.

## Jury Trial Demand

Plaintiff demands a jury trial on all issues so triable.

Dated: May 28, 2019

Respectfully submitted,

s/ Tybe A. Brett, Esquire
PA ID 30064
Feinstein Doyle Payne & Kravec, LLC
Law & Finance Bldg., 13th Floor
429 Fourth Avenue
Pittsburgh, PA 15219
http://www.fdpklaw.com
Tel.:  (412) 281-8400 x 134
Fax:  (412) 281-1007

s/ Jennifer M. Danish
Jennifer M. Danish
IL ID 6298330
Bryant Legal Group PC
205 N Michigan Ave., Suite 3910
Chicago, Illinois 60601
jdanish@bryantlg.com
Tel.:  (312) 235-4886
Fax:  (312) 254-3140
To be admitted

Attorneys for Plaintiff